FILED
1/27/2017 2:21:25 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

CAUSE NO. 2017CI01609

| | | |
|---|---|---|
| RONIT KNIGHT | § § § § | IN THE DISTRICT COURT |
| | § | 407th _____ JUDICIAL DISTRICT |
| V. | § § | |
| CAMERON COOPER AND CALARK, INC. | § § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RONIT KNIGHT, hereinafter called Plaintiff, complaining of and about CAMERON COOPER AND CALARK, INC., hereinafter called Defendants, and for cause of action, would respectfully show unto the Court the following.

I.

Plaintiff pleads that this case should be assigned to Discovery Track Three, pursuant to Rule 190.4 of the Texas Rule of Civil Procedure, and will seek an agreed order or other Court Order to this effect.

II.

Plaintiff, RONIT KNIGHT, resides in San Antonio, Bexar County, Texas. Plaintiff's driver's license no. is 017167683, and her social security number is xxx-xx-5611.

Defendant, **CAMERON COOPER**, resides in **Jackson, Mississippi.** Defendant is a non-resident of the State of Texas and may be served with process by serving **Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483**. Cameron Cooper's home address is **125 Maple Ridge Drive, Jackson, Mississippi, 39212-3033.**

**"Exhibit A"**

Defendant, **CALARK, INC.** is a for profit corporation, conducting business in the State of Arkansas. Defendant does not conduct business in the State of Texas and may be served with process by serving **Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483**. Service of process may be effected by the **Texas Transportation Commission** by serving citation on CALARK, INC.'s registered agent, **THOMAS W. BARTHOLOMEW, 12024 INTERSTATE 30, MABELVALE, AR 72103.**

### III.

This cause of action arose in Bexar County, Texas; therefore, venue is proper in Bexar County, Texas pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002 and 15.015 and 15.0151.

### IV.

The amount in controversy far exceeds the minimal jurisdictional limits of this court and damages exceed $100,000.00.

### V.

On or about the 30TH day of June, 2015, Plaintiff, RONIT KNIGHT, was driving a bus in the course and scope of her employment with Via Metropolitan Transit, and was approaching her "end of line" stop at the Walmart parking lot, off of Rigsby. As she turned left and was driving down the final stretch, a tractor-trailer backed up without warning into her lane of traffic, crashing into her vehicle. The tractor-trailer was being driven by CAMERON COOPER, who was driving while in the course and scope of his employment with CALARK, INC. The tractor-trailer did not have any back-up lights or warning signals in operation and no spotter was being utilized to aide the driver in backing his vehicle safely. Plaintiff applied her brakes and honked her horn over and over,

**"Exhibit A"**

but the Defendant continued to back his tractor-trailer into her path, causing a collision between his tractor-trailer and her bus. Because of the foregoing actions of Defendants, Plaintiff suffered severe and painful bodily injuries.

## VI.

Plaintiff would show that on the occasion in question, the Defendant, CAMERON COOPER, Individually, and as an agent, employee and/or representative of CALARK INC., committed the following acts and/or omissions, each of which was negligent and each of which was a proximate cause of the injuries and damages suffered by the Plaintiff herein:

1. In failing to maintain a proper lookout as an ordinary and prudent person would have done under the same or similar circumstances;
2. In failing to utilize a spotter in backing the vehicle;
3. In failing to operate said vehicle in a safe and prudent manner;
4. In taking faulty evasive action;
5. In failing to avoid the collision;
6. In failing to apply sufficient and timely force to the brakes to avoid the collision;
7. In backing up his vehicle without any back-up lights;
8. In backing up his vehicle without any warning signals;
9. In failing to yield right of way to an oncoming vehicle;
10. In failing to observe those applicable terms and provisions of the Texas Driver's Handbook; and
11. In failing to observe those applicable sections of the Texas Transportation Code governing the operation of said vehicle, including but not limited to certain

**"Exhibit A"**

sections 545.001-545.256 thereof, which failure constitutes negligence and negligence per se.

Each of these acts and omissions, singularly or in combination with others, constitute a negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

### VII.

Plaintiff would show that at the time and/or the occasion in question, Defendant, CALARK, INC., was guilty of negligent entrustment, in that they knew or should have known that Defendant, CAMERON COOPER was a negligent and/or reckless driver. Despite said knowledge, they provided the vehicle to Cooper for his use and benefit. These acts and/or omissions were and are a direct and proximate cause of Plaintiff's damages and injuries complained of.

### VIII.

At and during the time of the acts and/or omissions complained of herein, CAMERON COOPER was acting as an agent and/or employee of Defendant, CALARK, INC., and is therefore liable to Plaintiff for the acts and/or omissions complained of herein under the doctrine of respondeat superior.

### IX.

Plaintiff, RONIT KNIGHT, states that as a proximate result of the aforementioned acts and omissions of negligence on the part of the Defendants, she has suffered severe and painful bodily injuries which have required extensive medical treatment. Plaintiff has incurred reasonable and necessary expenses for medical treatment in the past, and in all probability, will

**"Exhibit A"**

3) the expert's mental impressions and opinions, including facts known by the expert that relate to or form the basis of those mental impressions and opinions,

4) all documents, reports or compilations provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and

5) the expert's current resume and bibliography to include a list of all other cases in which he/she has testified as an expert, at trial or by deposition, within the last four years and the amount of money paid for each appearance. TRCP 194, 195.1, 192.3(e) (5) (6) (7).

g) Any indemnity and insuring agreements;

h) Any settlement agreements;

i) Any witness statements;

j) If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills that are reasonably related to the injuries or damages, or in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k) If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

l) The name, address and telephone number of any person who may be designated as a responsible third-party.

## XI.

### T.R.C.P. 193.7 Notice

Plaintiff hereby gives notice to all parties that she intends to use any and all documents that are produced by a party against that party in pretrial proceedings or trial pursuant to Texas Rule of Civil Procedure 193.7 without the necessity of authenticating the documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein that upon final recovery, Plaintiff have judgment of and from these

**"Exhibit A"**

Defendants, for all of her damages in an amount not to exceed $350,000.00, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate from date of judgment until paid, all costs of court, and for such other and further relief to which Plaintiff may be justly entitled, either at law or in equity.

              Respectfully submitted,

              **BROCK & BROCK, P.C.**
              803 E. Mistletoe
              San Antonio, Texas 78212
              Telephone: (210) 733-6666
              Telecopier: (210) 733-6893

              BY: *Karl B. Brock*
                 KARL B. BROCK
                 State Bar No. 03044150
                 Email: Karlb@brockandbrock.com

              ATTORNEYS FOR PLAINTIFF

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**"Exhibit A"**



125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

February 22, 2017

Cameron Cooper
125 Maple Ridge Dr.
Jackson, MS 39212-3033

Re: GCD No. 42432
Cause No. 2017-CI-01609
Bexar County
Plaintiff: Ronit Knight
Defendant: Cameron Cooper

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition and Request for Disclosure to Defendants on February 6, 2017.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc: Karl B. Brock
Attorney at Law
803 E Mistletoe Ave.
San Antonio, TX 78212-3524
Telephone (210) 733 6666

U.S. Certified Mail No. 7016 2070 0000 2912 2984
Return Receipt Requested

**"Exhibit A"**

PRIVATE PROCESS

Case Number: 2017-CI-01609

2017CI01609 S00001

RONIT KNIGHT
VS.
CAMERON COOPER AND CALARK INC
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: CAMERON COOPER

RECEIVED

FEB 06 2017

GENERAL COUNSEL

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 27th day of January, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF JANUARY A.D., 2017.

PETITION

KARL BANNON BROCK
ATTORNEY FOR PLAINTIFF
803 E MISTLETOE AVE
SAN ANTONIO, TX 78212-3524



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu*, Deputy

---

OFFICER'S RETURN

I received this citation on ___Jan 1___ at ___1:07___ o'clock _p_ M. and:( ✓ ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant, ___Cameron Cooper___ in person on the _____ at _____ o'clock ___ M. at *By Delivery To ___Bryan D. Lemle_____ or ( ) not executed because _____ Fees: _____ Badge/PPS #: __1853__
Date certification expires: ___5-28-2018___

___BEXAR___ County, Texas

* Texas Transportation Commission

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the ____ day of_____, 20____.

Declarant      ORIGINAL (DK002)

## "Exhibit A"