FILED
3/20/2017 4:32:06 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

CAUSE NO. 2017CI01609

| | | |
|---|---|---|
| **RONIT KNIGHT** | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 407th JUDICIAL DISTRICT OF |
| **CAMERON COOPER AND** | § | |
| **CALARK, INC.** | § | BEXAR COUNTY, TEXAS |

### DEFENDANT CAMERON COOPER'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

COMES NOW, CAMERON COOPER, hereinafter "Defendant," files this, his Original Answer, and would show the Court as follows:

### I. General Denial

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 92, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff RONIT KNIGHT's, hereinafter "Plaintiff," Original Petition and any supplements or amendments thereto, and demands strict proof thereof as required by the constitution and laws of the State of Texas.

### II. Comparative Responsibility

Defendant pleads Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, and asks the Court and Jury to consider the relative damages and conduct of the parties, including Plaintiff, all tortfeasors, any settling persons and any designated Responsible Third Parties, and accord Defendant full benefit of said law.

### III. Punitive Damages

To the extent that Plaintiff ever seeks recovery of exemplary or punitive damages, Plaintiff's claim for punitive or exemplary damages is subject to the cap set forth in TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.008(b). Under facts and law applicable in this case, the imposition of punitive or exemplary damages, or the introduction of evidence to support same,

would be in contravention of Defendant's right under each of the following constitutional provisions:

    a. the Due Process Clause of the Fifth Amendment of the United States Constitution;

    b. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    c. the Equal Protection Clause of the Fourteenth Amendment; and

    d. provisions of the Texas Constitution, including but not limited to art. I. §§3, 13, 14, 16, and 19.

In particular, Texas law and the Texas punitive damage scheme, both in general and as applied in this case, violate one or more of the aforementioned constitutional provisions in that:

    a. they do not provide adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages, a sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, or a sufficiently clear standard for determining the appropriate size of an award;

    b. Defendant had no notice of or means of ascertaining whether or in what amount it might be subject to a penalty for the conduct alleged by Plaintiff in this case, and this lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject it to punitive damages or as to the potential amount of such an award;

    c. Texas law and the Texas punitive damage scheme do not instruct the jury on the limits on punitive or exemplary damages imposed or the purposes for which such damages are assessed;

    d. Texas law and the Texas punitive damage scheme does not expressly prohibit the jury from awarding punitive or exemplary damages, in whole or in part, on the basis of invidiously discriminating characteristics, including the corporate status of a Defendant;

    e. in the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including TEXAS CIVIL PRACTICE AND REMEDIES CODE §§41.001 through 41.013, place undue emphasis on a Defendant's wealth as a basis for making and enhancing a punitive or exemplary damage award, and do not require that the award not be based on any desire to redistribute wealth;

    f. no provision of Texas law or its punitive damage scheme provides adequate procedural safeguards consistent with the criteria set out in *BMW of N. Am. v. Gore*, 517 U.S. 559

(1996), *State Farm Mut. Auto. Ins, Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

g. Texas law and the Texas punitive damage scheme do not provide for adequate post-trial or appellate review of punitive or exemplary damage awards or the amount thereof and do not provide objective standards for such review, and these inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and TEXAS GOVERNMENT CODE §22.225; and

h. Texas law and the Texas punitive damage scheme provides no limit on the number of times Defendant could be held accountable for punitive or exemplary damages based on the same conduct alleged in this case.

Plaintiff's claims for punitive or exemplary damages are subject to the limitations and standards set out in *Gore*, 517 U.S. 559, and *Campbell*, 538 U.S. 408, and their progeny.

### IV. Paid and Incurred Healthcare Expenses

The Plaintiff's "right" to recover healthcare or medical expenses is limited by the provisions of TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.0105. Thus, recovery of healthcare or medical expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

### V. Loss of Earning Capacity Reduction for Taxes

Plaintiff is required to prove loss of earnings or loss of earning capacity in the form which represents net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. TEXAS CIVIL PRACTICE AND REMEDIES CODE §18.091. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal and state income taxes.

### VI. Mitigation of Damages

Plaintiff has failed to mitigate damages. Defendant would show that he is not liable for any condition resulting from the failure, if any, of Plaintiff, to act as a person or persons of ordinary

prudence would have acted under the same or similar circumstances in caring for and treating Plaintiff's injuries, if any, that resulted from the occurrence in question. If Plaintiff failed to submit the healthcare expenses she claims are reasonably related to the subject occurrence to a healthcare insurance company, she failed to mitigate damages by enjoying contractual insurance company reductions available. If Plaintiff does not have healthcare insurance, she failed to mitigate damages by failing to enroll for healthcare insurance under the Patient Protection and Affordable Care Act, as required by that act, or failing to enroll in a subsequently-enacted national healthcare insurance program.

## VII. Jury Demand

Defendant demands a trial by jury.

## VIII. Rule 193.7 Notice

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant gives notice of the intent to use all documents produced in discovery against any party producing said documents and any deposition transcripts and videos in any pretrial proceeding or at the time of trial. Under Rule 193.7, unless the producing party objects to the authenticity of all or part of any of the documents, and states the specific basis for each objection, the documents shall be deemed to be authenticated.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing, judgment be entered that Plaintiff takes nothing and it be awarded costs of Court. Defendant requests any and all such further relief to which he may be shown justly entitled to receive.

          Respectfully submitted,

          **DAVID KLOSTERBOER & ASSOCIATES**
          9601 McAllister Freeway, Suite 910
          San Antonio, Texas 78216
          Telephone: (210) 525-2100
          Facsimile: (855) 848-0737
          Email: CRhodes2@Travelers.com

BY: _____
      CHRISTOPHER L. RHODES
      State Bar No. 16812750

**ATTORNEY FOR DEFENDANT**
**CAMERON COOPER**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing Defendant Cameron Cooper's Original Answer has been served in accordance with the Texas Rules of Civil Procedure upon the counsel of record on the 20th day of March, 2017, addressed as follows:

| | |
|---|---|
| Karl B. Brock<br>Brock & Brock, PC<br>803 E. Mistletoe<br>San Antonio, Texas 78212 | **Via Electronic E-Service** |

_____
      Christopher L. Rhodes

**DEFENDANT CAMERON COOPER'S ORIGINAL ANSWER**      **Page 5 of 5**

**"Exhibit B"**