## CAUSE NO. 2017 CI 01609

| | | |
|---|---|---|
| **RONIT KNIGHT** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | **407th JUDICIAL DISTRICT** |
| **V.** | § | |
| | § | |
| **CAMERON COOPER AND CENTRAL** | § | |
| **HAULING COMPANY, INC.** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RONIT KNIGHT, hereinafter called Plaintiff, complaining of and about

CAMERON COOPER and CENTRAL HAULING COMPANY, INC., hereinafter called

Defendants, and for cause of action, would respectfully show unto the Court the following.

### I.

Plaintiff pleads that this case should be assigned to Discovery Track Three, pursuant to Rule

190.4 of the Texas Rule of Civil Procedure, and will seek an agreed order or other Court Order to

this effect.

### II.

Plaintiff, RONIT KNIGHT, resides in San Antonio, Bexar County, Texas. Plaintiff's

driver's license no. is 017167683, and her social security number is xxx-xx-5611.

Defendant, CAMERON COOPER, resides in Jackson, Mississippi. Defendant is a non-

resident of the State of Texas and service of process has already been effectuated; therefore, no

further service is necessary at this time.

Defendant, **CENTRAL HAULING COMPANY, INC.** is a for profit corporation,

conducting business in the State of Arkansas. Defendant does not conduct business in the State

## "Exhibit C"

of Texas and may be served with process by serving **Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483**.   Service of process may be effected by the **Texas Transportation Commission** by serving citation on **CENTRAL HAULING COMPANY, INC.'s President, Ralph Durante, 12024 Interstate 30, Mabelvale, AR 72103.**

### III.

This cause of action arose in Bexar County, Texas; therefore, venue is proper in Bexar County, Texas pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002 and 15.015 and 15.0151.

### IV.

The amount in controversy far exceeds the minimal jurisdictional limits of this court and damages exceed $100,000.00.

### V.

On or about the 30TH day of June, 2015, Plaintiff, RONIT KNIGHT, was driving a bus in the course and scope of her employment with Via Metropolitan Transit, and was approaching her "end of line" stop at the Walmart parking lot, off of Rigsby.  As she turned left and was driving down the final stretch, a tractor-trailer backed up without warning into her lane of traffic, crashing into her vehicle.  The tractor-trailer was being driven by CAMERON COOPER, who was driving while in the course and scope of his employment with CENTRAL HAULING COMPANY, INC. The tractor-trailer did not have any back-up lights or warning signals in operation and no spotter was being utilized to aide the driver in backing his vehicle safely.   Plaintiff applied her brakes and honked her horn over and over, but the Defendant continued to back his tractor-trailer into her path,

2

**"Exhibit C"**

causing a collision between his tractor-trailer and her bus. Because of the foregoing actions of Defendants, Plaintiff suffered severe and painful bodily injuries.

## VI.

Plaintiff would show that on the occasion in question, the Defendant, CAMERON COOPER, Individually, and as an agent, employee and/or representative of CENTRAL HAULING COMPANY, INC. committed the following acts and/or omissions, each of which was negligent and each of which was a proximate cause of the injuries and damages suffered by the Plaintiff herein:

1. In failing to maintain a proper lookout as an ordinary and prudent person would have done under the same or similar circumstances;

2. In failing to utilize a spotter in backing the vehicle;

3. In failing to operate said vehicle in a safe and prudent manner;

4. In taking faulty evasive action;

5. In failing to avoid the collision;

6. In failing to apply sufficient and timely force to the brakes to avoid the collision;

7. In backing up his vehicle without any back-up lights;

8. In backing up his vehicle without any warning signals;

9. In failing to yield right of way to an oncoming vehicle;

10. In failing to observe those applicable terms and provisions of the Texas Driver's Handbook; and

11. In failing to observe those applicable sections of the Texas Transportation Code governing the operation of said vehicle, including but not limited to certain sections 545.001-545.256 thereof, which failure constitutes negligence and

3

**"Exhibit C"**

negligence per se.

Each of these acts and omissions, singularly or in combination with others, constitute a negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

### VII.

Plaintiff would show that at the time and/or the occasion in question, Defendant, CENTRAL HAULING COMPANY, INC., was guilty of negligent entrustment, in that they knew or should have known that Defendant, CAMERON COOPER was a negligent and/or reckless driver. Despite said knowledge, they provided the vehicle to Cooper for his use and benefit. These acts and/or omissions were and are a direct and proximate cause of Plaintiff's damages and injuries complained of.

### VIII.

At and during the time of the acts and/or omissions complained of herein, CAMERON COOPER was acting as an agent and/or employee of Defendant, CENTRAL HAULING COMPANY, INC., and is therefore liable to Plaintiff for the acts and/or omissions complained of herein under the doctrine of respondeat superior.

### IX.

Plaintiff, RONIT KNIGHT, states that as a proximate result of the aforementioned acts and omissions of negligence on the part of the Defendants, she has suffered severe and painful bodily injuries which have required extensive medical treatment. Plaintiff has incurred reasonable and necessary expenses for medical treatment in the past, and in all probability, will continue to incur such expenses in the future. Plaintiff has suffered physical pain and mental

4

**"Exhibit C"**

anguish in the past, and in all reasonable probability, will continue to incur physical pain and mental anguish in the future. Plaintiff has suffered physical impairment in the past and in all reasonable probability will continue to suffer physical impairment in the future. Plaintiff has suffered lost wages in the past and a loss of wage earning capacity in the future. Plaintiff states that her total damages shall not exceed $350,000.00.

## X.

## PLAINTIFF'S REQUEST FOR DISCLOSURE

In accordance with the provisions of Rule 194 of the Texas Rules of Civil Procedure, Plaintiff propounds her Request for Disclosure to Defendants, and requests that information, documents or materials described in Rule 194.2 and Rule 194.4 as listed below, be produced within 50 days of service of this request:

a)      The correct names of the parties to the lawsuit;

b)      The name, address and telephone number of any potential parties;

c)      The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d)      The amount and any method of calculating economic damages;

e)      The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f)      For any testifying expert:

1)      Identity and location, including the name, address and telephone number of its expert witness,

2)      the subject matter of the expert's testimony,

3)      the expert's mental impressions and opinions, including facts known by

5

**"Exhibit C"**

the expert that relate to or form the basis of those mental impressions and opinions,

4) all documents, reports or compilations provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and

5) the expert's current resume and bibliography to include a list of all other cases in which he/she has testified as an expert, at trial or by deposition, within the last four years and the amount of money paid for each appearance. TRCP 194, 195.1, 192.3(e) (5) (6) (7).

g) Any indemnity and insuring agreements;

h) Any settlement agreements;

i) Any witness statements;

j) If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills that are reasonably related to the injuries or damages, or in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k) If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

l) The name, address and telephone number of any person who may be designated as a responsible third-party.

### XI.

### T.R.C.P. 193.7 Notice

Plaintiff hereby gives notice to all parties that she intends to use any and all documents that are produced by a party against that party in pretrial proceedings or trial pursuant to Texas Rule of Civil Procedure 193.7 without the necessity of authenticating the documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein that upon final recovery, Plaintiff have judgment of and from these

**"Exhibit C"**

Defendants, for all of her damages in an amount not to exceed $350,000.00, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate from date of judgment until paid, all costs of court, and for such other and further relief to which Plaintiff may be justly entitled, either at law or in equity.

                          Respectfully submitted,

                          **BROCK & BROCK, P.C.**
                          803 E. Mistletoe
                          San Antonio, Texas 78212
                          Telephone: (210) 733-6666
                          Telecopier: (210) 733-6893


                          BY:  *Karl B. Brock*
                               KARL B. BROCK
                               State Bar No. 03044150
                               Email:  Karlb@brockandbrock.com

                          ATTORNEYS FOR PLAINTIFF


**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**"Exhibit C"**